**DISTRICT COURT OF MARYLAND FOR** Baltimore City

LOCATED AT (COURT ADDRESS)
501 E. Fayette Street
Baltimore, MD 21202

CASE NO.
CV

**PARTIES**

Plaintiff
Philip Gonyo
15 Spindrift Circle, Apt. J
Baltimore, MD 21234

VS.

Defendant(s):
1. Midland Funding LLC
CSC-Lawyers Incorporating Service Co., Resid. Agent
7 St. Paul Street, Suite 1660, Baltimore, MD 21202
Serve by: ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

2. Midland Credit Management, Inc.
CSC-Lawyers Incorporating Service Co., Resid. Agent
7 St. Paul Street, Suite 1660, Baltimore, MD 21202
Serve by: ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

3.
Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

4.
Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

**ATTORNEYS**

For Plaintiff - Name, Address, Telephone Number & Code
Albert McCarraher
Schlachman, Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, MD 21202
410-685-2022         Code 9822

COMPLAINT ☒ $5,000 or under ☐ over $5,000 ☐ over $10,000
Clerk: Please docket this case in an action of ☐ contract ☐ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim

The particulars of this case are: [X] FDCPA violation
See attached Complaint.

(See Continuation Sheet)
☒ Legal
☐ Contractual _____ %

The Plaintiff claims:
☒ $ 5,000.00 _____ plus interest of $ _____ and attorney's fees of $ reasonable amt. plus court costs.
☐ Return of the property and damages of $ _____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ _____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

_____
Signature of Plaintiff/Attorney/Attorney Code

Telephone Number: 410-685-2022

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☒ Other written document ☒ Defendants' affidavits & exhibits _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☒ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters. ☐ Defendant _____ is in the military service.
☒ No Defendant is in the military service and the facts supporting this statement are: The Defendants are not natural persons.

Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any Defendant is in military service.

26 SEPT 2011
Date

_____
Signature of Affiant

DC/CV 1 (front) (Rev. 11/2010)

## NOTICE TO DEFENDANT BEFORE TRIAL

If you agree that you owe the amount claimed, it may not be necessary for you to come to Court. Contact the Plaintiff if you wish to make payment. If you are appearing in court on the trial date, bring letters, receipts, and contracts which may help you. If you need a witness, contact the Clerk's office about a summons to the witness.

## NOTICE IF JUDGMENT IS ENTERED

If the Court awards judgment in this case to the Plaintiff, you as the Judgment Debtor, may do several things before submitting payment to satisfy the judgment. One is to appeal the decision to the circuit court sitting in that District. This is what's involved in an APPEAL of a District Court judgment—
1. 30 DAYS—You would have 30 days from the day of an adverse judgment within which to note your appeal at the District Court and there pay the higher court's filing fee. If you qualify as indigent, you may at that time petition the District Court to waive the collection of this fee.
2. TRANSCRIPT COSTS—If the amount which you were sued was $5,000 or less (not counting interest or attorney's fees), the circuit court would hear your appeal as an entirely new case from start to finish. Therefore, no transcripts from the District Court trial would be necessary. If, however, this amount should exceed $5,000, the higher court would hear your appeal on the record of what transpired in the District Court. That appeal requires a transcript of the District Court trial record. For information and costs to obtain a transcript refer to the Transcripts and Recordings brochure DCA 27 available at the clerk's office.

<u>Another option</u> after an adverse judgment is to file a MOTION FOR A NEW TRIAL.
1. 10 DAYS—You have 10 days from day of judgment to do this.
2. GRANT/DENY—If the Court grants your motion, you will receive a summons to a new trial.

<u>The last options</u> are to file MOTIONS to change the JUDGMENT.
1. 10 DAYS for ALTERING or AMENDING the judgment.
2. 30 DAYS for REVISING the judgment.

If you would not want to move on any of these options, then you should make all possible arrangements with the Plaintiff or the Plaintiff's attorney to pay the judgment amount. Should you not do this, the Plaintiff could request the Court's enforcement powers. These enforcement procedures include—
1. INTERROGATORIES—This is an attempt to locate any assets you may have. This requires written answers.
2. ORAL EXAMINATION—Another attempt to locate any assets you may have. This requires your appearing in court to answer questions. The Court backs up these plaintiff attempts at discovery by bringing its contempt powers to bear on an unresponsive defendant. More stringent enforcements you should know about include—
3. WRIT OF EXECUTION—Such a writ could order the levying or seizure and sale of any of your goods. And you, in such a circumstance, would bear the expenses of the seizure (e.g. towing, moving, storage fees, auctioneer's fees, advertising costs). Some of your goods are, by their nature, exempt from such action—
    (a) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession, except those kept for sale, lease, or barter, in an amount not to exceed $5,000 in value.
    (b) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance benefits, compensation and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability occurred.
    (c) Professionally prescribed health aids for you or any of your dependents.
    (d) Your interest, not to exceed $1,000 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for personal, family or household use by you or your dependents.
    (e) Cash or property of any kind equivalent in value to $6,000, if within 30 days from the date of the attachment or levy you elect to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000.
    (f) Money payable or paid in accordance with an agreement or court order for child support.
    (g) Money payable or paid in accordance with an agreement or court order for alimony to the same extent that wages are exempt from attachment under § 15-601.1(b)(1)(ii) or (2)(i) of the Commercial Law Article.
    (h) The debtor's beneficial interest in any trust property that is immune from the claims of the debtor's creditors under § 14-113 of the Estates and Trusts Article.
    (i) With respect to claims by a separate creditor of a husband or wife, trust property that is immune from the claims of the separate creditors of the husband or wife under § 14-113 of the Estates and Trusts Article.
4. GARNISHMENT OF PROPERTY—Such a writ, attaching certain assets of yours in the hands of someone else, would order that other party (e.g. bank holding your account, agent) to hold the asset subject to further court proceedings.
5. GARNISHMENT OF WAGES—Such a writ would order your employer to begin withholding from your wages the amount left over after deducting what is lawfully required and after exempting money that may not be garnished.
    Exemptions from garnishment—
    (1) the greater of: (a) 75 percent of the disposable wages due; OR (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due; AND (2) any medical insurance payment deducted from an employee's wages by the employer. Other federal exemptions may be available. Disposable wages means the part of wages that remain after deduction of any amount required to be withheld by law. Finally, should you become the Judgment Debtor you should know that judgment is public information and anyone may request a copy of it.
    To Plaintiff: If the Court enters a judgment for a sum certain, you have a right to obtain a lien on real property.

DC/CV 1 (back) (Rev. 11/2010)

| | | |
|---|---|---|
| **PHILIP GONYO** | * | IN THE |
| Plaintiff | * | DISTRICT COURT |
| v. | * | FOR |
| **MIDLAND FUNDING LLC** | * | BALTIMORE CITY |
| and | * | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | * | CASE NO. _____ |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Philip Gonyo, by his undersigned attorneys, Albert McCarraher and Schlachman, Belsky & Weiner, P.A., sues Midland Funding LLC ("Midland") and Midland Credit Management, Inc. ("MCM") and states:

1. Plaintiff Philip Gonyo resides in Baltimore County, Maryland.

2. Defendant Midland is a Delaware limited liability company with a resident agent located in Baltimore City, Maryland. Midland acquires consumer debts when in default and is engaged in the regular business of third-party consumer debt collection in the State of Maryland.

3. Defendant MCM is a Kansas corporation with a resident agent located in Baltimore City, Maryland. MCM is regularly engaged in the business of third-party consumer debt collection in the State of Maryland.

4. Midland and MCM are "debt collectors" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

5. Midland, through its attorneys, filed two Complaints against Mr. Gonyo in an attempt to collect debts allegedly owed it by Mr. Gonyo. These lawsuits were filed in the District Court of Maryland and are identified with case numbers 0804-0038455-2010 and 0804-0005107-2011.

6. Midland alleged that Mr. Gonyo owed debts of a personal, family, or household nature.

7. Mr. Gonyo had no knowledge of the existence of MCM and/or Midland prior to his receipt of the summonses and Complaints in these actions. Mr. Gonyo had no prior contact from either party in person, by telephone, or by mail.

8. Mr. Gonyo, upon learning that he had been sued for debts he knew nothing about, became extremely upset and distraught.

9. MCM, as servicer of the alleged Midland accounts, hired counsel and directed counsel to initiate these lawsuits based on the representations made by two MCM employees contained in the affidavits attached as exhibits to the two Complaints. A true and authentic copy of the affidavit used in case number 0804-0038455-2010 is attached hereto as Exhibit A, and a true and authentic copy of the affidavit used in case number 0804-0005107-2011 is attached hereto as Exhibit B.

10. Exhibits A and B are form affidavits that purport to represent facts pertaining to the alleged debts within the personal knowledge of the affiants.

11. The MCM employees who authored Exhibit A on October 7, 2010 and Exhibit B on October 29, 2010 swore under penalty of perjury that they possessed personal

knowledge that:

a. On April 30, 2008, Mr. Gonyo owed a balance of $11,286.05 on a Bank of America account identified with a number ending in 4087;

b. Interest was due on the alleged account ending in 4087 at a rate of 6% as an annual percentage rate, amounting to $1,623.94;

c. Mr. Gonyo owed a balance of $8,393.33 on another Bank of America account identified with a number ending in 3943;

d. Midland was the current owner of and/or successor to the two alleged Bank of America accounts, and was assigned all the rights, title, and interest to the accounts;

e. Midland's agents and/or attorneys made a demand upon Mr. Gonyo for payment of the accounts prior to the making of Exhibits A and B; and

f. Mr. Gonyo failed to make full payment of the amount owed on the accounts.

12. Upon information and belief, the MCM employees who signed Exhibits A and B did not have personal knowledge of any of the facts asserted.

13. Upon information and belief, Exhibits A and B were designed to mislead the Court into believing that the MCM employees who signed the affidavits possessed personal knowledge of the facts asserted.

14. Midland's Complaint in case number 0804-0038455-2010 alleged that Mr. Gonyo entered into a written contract with Bank of America and alleged that the cardmember agreement attached to the Complaint was that contract. A true and

3

authentic copy of the purported cardmember agreement is attached hereto and incorporated herein as Exhibit C. Exhibit C does not identify Mr. Gonyo as a party to the agreement and contains no signatures or any information pertinent to the parties to the agreement.

15. Midland attached the same Affidavit of Sale to both Complaints in these suits. A true and authentic copy of this Affidavit of Sale is attached hereto and incorporated herein as Exhibit D. Exhibit D was purportedly executed by Ms. Debra L Pelleicciaro on July 16, 2010 and asserts that FIA Card Services, N.A. sold a pool of charged-off accounts to Midland. Exhibit D does not specifically identify Mr. Gonyo or any of the accounts alleged in these suits.

16. Upon information and belief, MCM and Midland filed these suits in an attempt to collect debts when they had no evidentiary basis to support their claims.

17. MCM and Midland filed these suits in an attempt to collect debts knowing that they did not and cannot establish that Mr. Gonyo owed the alleged debts.

18. The acts and omissions of MCM and Midland violated the FDCPA, including but not limited to:

   a. Using false, deceptive, and misleading representations and means in connection with Mr. Gonyo's alleged debts by falsely representing the character, amount, or legal status of the alleged debts in violation of 15 U.S.C. § 1692e(2);

   b. Using false, deceptive, and misleading representations and means in connection with Mr. Gonyo's alleged debts by threatening or taking actions that cannot

4

   legally be taken or that are not intended to be taken in violation of 15 U.S.C. § 1692e(5);

  c. Using false, deceptive, and misleading representations and means in connection with Mr. Gonyo's alleged debts by using false and deceptive means to collect or attempt to collect Mr. Gonyo's alleged debts in violation of 15 U.S.C. § 1692e(10);

  d. Using false, deceptive, and misleading representations and means in connection with Mr. Gonyo's alleged debts by falsely representing or implying that Mr. Gonyo's alleged debts has been turned over to innocent purchasers for value in violation of 15 U.S.C. § 1692e(12); and

  e. Employing other false, deceptive, or misleading representations in connection with the collection of Mr. Gonyo's alleged debts in violation of 15 U.S.C. § 1692e.

19. As a direct and proximate result of Midland and MCM's violations of the FDCPA, Mr. Gonyo has suffered actual damages in the form of anxiety, emotional distress, frustration, humiliation, and embarrassment, as well as the cost of defending the unwarranted and illegal collection lawsuits against him.

20. As a result of Midland and MCM's violations of the FDCPA, Mr. Gonyo is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from both

Midland and MCM.

WHEREFORE, Philip Gonyo demands judgment against Midland Funding LLC and Midland Credit Management, Inc., jointly and severally, in the amount of Five Thousand Dollars ($5,000.00) plus interest, costs, reasonable attorney's fees, and any and all further relief that the nature of Mr. Gonyo's cause may require.

                          Respectfully Submitted,

                          _____
                          Albert McCarraher    (#9822)
                          Schlachman, Belsky & Weiner, P.A.
                          300 East Lombard Street, Suite 1100
                          Baltimore, Maryland 21202
                          (410) 685-2022

                          Attorneys for the Plaintiff