**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PHILIP GONYO | * | |
| | * | |
| v. | * | Case No. CCB-11-3117 |
| | * | |
| MIDLAND FUNDING, LLC AND | * | |
| MIDLAND CREDIT MANAGEMENT, INC. | * | |

******

**MEMORANDUM**

Plaintiff Philip Gonyo ("Gonyo") initiated this Fair Debt Collections Procedures Act ("FDCPA") action against Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Midland"). Now pending before this court is a motion by Midland to dismiss the suit for lack of subject matter jurisdiction.[1] ECF No. 4. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, Midland's motion to dismiss will be granted.

**I.   BACKGROUND**

The procedural facts in this case are not in dispute. Midland engages in debt collection. Compl. ¶¶ 2, 3, ECF No. 2. Prior to May, 2011, Midland filed two civil complaints against Gonyo to collect debts of a personal, family, or household nature. Compl. ¶¶ 5, 6; Mot. to Dismiss ¶ 10. In or about April, 2011, Gonyo received a notice sent to potential class members in a proposed settlement of a FDCPA class action lawsuit against Midland. Pl. Opp. at 3, ECF No. 8-4. The notice provided that Gonyo could opt out of the plaintiff class if he properly

---

[1] Gonyo's Motion to Stay Proceedings [ECF No. 9] is also pending. That motion sought a stay of the instant case pending a ruling from the bankruptcy court on Gonyo's motion to reopen his Chapter 7 proceeding. As Gonyo acknowledges in his First Supplement to Opposition to Motion to Dismiss, that motion is now moot because the bankruptcy court has since ruled. First Supp. at ¶ 4.

notified the class administrator of his decision on or before June 1, 2011. Pl. Opp. at 3. On or before April 25, 2011, Gonyo returned the postcard "claim form" to the class administrator, marking the box next to, "I do not want to be included in the settlement." *Id.* On May 4, 2011, after filing the opt-out notice, Gonyo filed for bankruptcy protection under Chapter 7. Pl. Opp. at 3; Mot. to Dismiss Exh. 2, ECF No. 4-2. Gonyo did not schedule his potential claim against Midland as an asset in his bankruptcy filings. Mot. to Dismiss Exh. 2. As a result, the trustee did not know about the unscheduled potential claim against Midland. The trustee therefore took no action to pursue the claim on behalf of the estate or to abandon that claim to allow Gonyo to pursue it on his own behalf.

Gonyo's bankruptcy was discharged on August 15, 2011. Mot. to Dismiss Exh. 3, ECF No. 4-3. On September 26, 2011, Gonyo filed the instant action against Midland. Compl. 1. Midland filed a motion to dismiss the complaint for lack of standing, alleging that the cause of action properly belonged to the bankruptcy estate, not Gonyo, and that the bankruptcy trustee, who did not opt out by June 1, 2011, was bound by the class settlement. Mot. to Dismiss ¶ 19. In response, Gonyo sought leave to reopen his bankruptcy proceeding to schedule his claim against Midland on an Amended Statement of Financial Affairs. On November 23, 2011, United States Bankruptcy Judge Nancy V. Alquist granted Gonyo's motion and reopened the bankruptcy case. Pl.'s Supplement to Opp'n to Mot. to Dismiss Exh.1, ECF No. 12-1. Judge Alquist's order stated that "the Court will allow Debtor's case to remain open until a decision has been reached in the lawsuit he will be filing," and "that upon a decision being reached in his lawsuit, Debtor shall file the proper amendments in this Court disclosing any monetary award received." *Id.*

## II.     ANALYSIS

Although Midland does not cite a specific rule as a basis for its motion to dismiss, issues of standing are analyzed under the rubric of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See Taubman Realty Grp. Ltd. P'ship v. Mineta,* 320 F.3d 475, 480-81 (4th Cir. 2003) (affirming district court's dismissal of complaint for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1)); *Miller v. Pac. Shore Funding*, 224 F. Supp.2d 977, 994 (D. Md. 2002) ("[D]efendants may aptly challenge [standing's] existence by a motion to dismiss for lack of jurisdiction over the subject matter, pursuant to Federal Rule of Civil Procedure 12(b)(1)."). A Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

As the party claiming subject matter jurisdiction, Gonyo has the burden of establishing his standing to sue. *See Mirant Potomac River, LLC v. EPA*, 577 F.3d 223, 226 (4th Cir. 2009). A plaintiff's standing is tested at the time the complaint is filed. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 189 (2000) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (citations omitted); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570 n. 5 (1992) (plurality opinion) ("[S]tanding is to be determined as of the commencement of suit."); *cf. Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.").

Because the determinative issue is whether Gonyo had standing on September 26, 2011 when he filed his complaint, the bankruptcy court's subsequent reopening of the Chapter 7

petition in November, 2011 cannot rescue Gonyo's claims from dismissal for lack of subject matter jurisdiction.  If a pre-petition claim is properly scheduled and a trustee does not pursue the claim prior to discharge of the bankruptcy petition, then the claim is abandoned to the debtor upon discharge.  *See* 11 U.S.C. § 554(c).  However, Gonyo concedes that his *unscheduled* pre-petition claim against Midland was not abandoned to him upon discharge in August, 2011.  Pl. Opp. at 4.  He further concedes that, following the August, 2011 discharge, his claim remained part of the dormant bankruptcy estate.  *Id.*  As a result, on September 26, 2011, before the bankruptcy case was reopened, Gonyo lacked standing to pursue the claim he filed.  This Court does not have subject matter jurisdiction over the complaint, and the case must be dismissed.

This Court need not reach the issues of whether Gonyo's claim survived the discharge and still exists in the now-reopened bankruptcy estate, or whether Gonyo's decision to opt out of the class settlement survived his subsequent bankruptcy filing.  Now that the Midland claim has been properly scheduled in the bankruptcy proceeding, those issues will be addressed if a new complaint against Midland is filed by a party with standing to sue.

A separate order follows.


Dated:  June 29, 2012                                             /S/
                                                                          Catherine C. Blake
                                                                          United States District Judge